FILED & ENTERED

MAY 19 2020

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Cetulio    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Majestic Air, Inc.<br><br>Debtor(s).<br><br>Majestic Air, Inc.<br><br>Plaintiff(s),<br>v.<br><br>Lufthansa Technik Philippines, Inc.<br><br>Defendant(s). | CHAPTER 11<br><br>Case No.: 1:16-bk-11538-GM<br>Adv No: 1:18-ap-01133-GM<br><br>**TENTATIVE RULING ON MOTION FOR SUBSTITUTION OF PARTY**<br><br>Date:     May 19, 2020<br>Time:    10:00 AM<br>Courtroom: 302 |

    Tessie Cue died on January 24, 2020 and on March 27, Hiongbo Cue (Mr. Cue) was appointed Special Administrator of her probate estate.  He now seeks to substitute in as plaintiff in this adversary proceeding.  On or about July 31, 2020 he expects to be appointed as executor of Ms. Cue's estate.

-1-

Cal. Code Civ. Proc. Sec. 377.20 provides that a cause of action is not lost by a person's death. Mr. Cue has been appointed Special Administrator by the Superior Court to act on behalf of Ms. Cue's interest in this adversary proceeding. When he is appointed as executor, he requests that he will be authorized to substitute in as plaintiff in this adversary proceeding. He will submit the Superior Court order and then request this Court to issue an OSC regarding representation of the interests of the estate of Tessie Cue in this adversary proceeding. He is using this two step process because of the motion to dismiss the second amended complaint.

LTP Opposition

[filed 4/13/20] This motion is premature and should be deferred until the ruling in the probate proceeding, which is set for July 31. There is no certainty that Mr. Cue will be appointed as executor. The Court should set the hearing on this motion for either August 4 or August 25. There is no harm in the delay. There is no copy of the will attached and there is no declaration as to whether the will named an executor or administrator and whether the person named is Mr. Cue.

[filed 5/5/20] State law controls who is a proper party to be the decedent's successor in interest. That party is required to have a fiduciary relationship to all parties having an interest in the estate. As a creditor, LTP has standing to object to Mr. Cue's appointment as executor and LTP intends to file an opposition in the probate to Mr. Cue's appointment as executor. The only items that will occur in this court prior to August is the status conference and the hearing on the motion to dismiss the second amended complaint. There is also an outstanding request for production of documents that LTP is to produce and which are due May 26, 2020. As to the documents concerning the Infinity and Ansett cases, Majestic was a party to those cases and therefore has received all of the voluminous documents that they are now demanding that LTP produce. LTP and counsel for Majestic have met concerning this production

and the resolution of it does not require participation of whoever will ultimately substitute in for Tessie Cue.

Reply

The second opposition filed 5/5/20 is improper and should be stricken. As to the first opposition, the attack on the Probate Court is improper. That Court issued a valid order appointing Mr Cue as special administrator and it is entitled to full faith and credit by this court. No grounds are stated that Mr. Cue will not be appointed as executor, but if this court wishes to substitute him in as plaintiff in his present capacity as Special Administrator, that would be fine.

As of 5/14, LTP has not filed a claim in the probate or any opposition to Mr. Cue's appointment. It's time to hear the motion to dismiss the second amended complaint as this has been continued four times from Dec. 2019.

Proposed Ruling

At this time there is a valid order of the LASC that Mr. Cue is the Special Administrator of the Estate of Tessie Cue. That order should be given full faith and credit and this Court will do so. However, that is not a final order that Mr. Cue will be the executor or administrator of his wife's estate – that hearing and order will take place at a future date (probably in July, but it is always possible that the Superior Court will delay ruling). So long as Mr. Cue retains the powers of Special Administrator, he can act in that capacity in this case. Once someone is appointed as executor or administrator, this Court will entertain a motion to substitute that person in as representative or to extend Mr. Cue's tenure in that capacity. The Court is not sure that this means that the order should be that Mr. Cue is "plaintiff" or that he has some other title. We can discuss this at the hearing. Whatever the title, his capacity will be to serve as the representative of the Estate of Tessie Cue in his interim capacity as appointed by the Probate Court.

1  The hearing will be by phone – please use Court Call.

2  It should be noted that there is no change of counsel for the plaintiff, so no delays are expected.  The status conferences and hearing on the motion to dismiss the second amended complaint, which are scheduled on June 23 at 10:00, will be held at that time. These will also be by phone.

Date: May 19, 2020

Geraldine Mund
United States Bankruptcy Judge