**FILED & ENTERED**

JUN 12 2020

**CLERK U.S. BANKRUPTCY COURT
Central District of California
BY egonzale DEPUTY CLERK**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>Majestic Air, Inc.<br><br>Debtor(s).<br><br>―――――――――――――――<br><br>Majestic Air, Inc.<br><br>Plaintiff(s),<br>v.<br><br>Lufthansa Technik Philippines, Inc.<br><br>Defendant(s). | CHAPTER 11<br><br>Case No.:  1:16-bk-11538-GM<br>Adv No:   1:18-ap-01133-GM<br><br>**ORDER GRANTING MOTION TO FILE SUPPLEMENTAL LEGAL AUTHORITY IN OPPOSITION TO LUFTHANSA TECHNIK PHILIPPINES, INC.'S MOTION TO DISMISS SECOND AMENDED ADVERSARIAL COMPLAINT**<br><br>Date:       June 12, 2020<br>Time:       10:00 AM<br>Courtroom: 303 |

For the reasons set forth in the tentative ruling herein (which is set forth below in this order) and as stated on the record after oral argument, the Court grants the above

-1-

motion. Supplemental Reply papers are due on June 23, 2020 and the hearing on the motion to dismiss will be on July 7, 2020 at 10:00 a.m. in the courtroom to be assigned. The status conference set for June 23 will be continued without appearance to July 7, 2020 at 10:00 a.m.

The basis of this ruling is as follows:

Plaintiffs Hiongbo Cue as special administrator for the estate of Tessie Cue and Majestic Air ("Majestic") apply for leave to file supplemental legal authority in opposition to the motion to dismiss the operative Second Amended Complaint ("SAC"), filed by Defendant Lufthansa Technik Philippines ("LTP").

The motion to dismiss the SAC (the "Motion to Dismiss") was filed by LTP on November 15, 2019. The Plaintiffs had filed an opposition to the Motion to Dismiss, and LTP had filed a reply to that opposition. The Motion to Dismiss was calendared to be heard by the Court on February 11, 2020.

Tessie Cue died on January 24, 2020. Majestic requested that the hearing go forward as calendared on February 11, 2020, while her husband Hiongbo Cue sought authority to prosecute this action on behalf of her estate. The Court had posted a tentative ruling for the February 11 hearing on the Motion to Dismiss (the "Tentative Ruling"), but ultimately concluded that the February 11 hearing would need to be continued without argument until Mr. Cue had received authority from the appropriate state court to prosecute this action on behalf of Mrs. Cue's estate. No ruling was made. (The Tentative Ruling had dismissed the portion of the Plaintiffs' express contractual indemnity claim that was based on alleged breaches of express contractual representations and warranties, based on a lack of reliance by the Plaintiffs). All defined terms not defined herein are as defined in that Tentative Ruling.

On March 27, 2020 Mr. Cue was appointed Special Administrator of Mrs. Cue's estate by the Los Angeles Superior Court. On May 19, 2020, after notice and hearing, this Court ordered that Mr. Cue could act on behalf of Cue's estate under his Special Administrator powers.

A hearing on the Motion to Dismiss was re-calendared for June 23, 2020. On May 29, 2020 the Plaintiffs filed this application for leave to file supplemental legal authority in opposition to the Motion to Dismiss (the "Application"), along with the proposed supplemental memorandum of points and authorities (the "Supplemental Memorandum"). LTP has filed an opposition to the Application (the "Opposition"), the Plaintiffs have filed a reply to the Opposition (the "Reply"), LTP has filed a sur-reply to the Reply (the "Sur-Reply"), and the Plaintiffs have filed a further reply to the Sur-Reply (the "Further Reply").

The Application – The Plaintiffs argue as follows:

The main argument behind the Motion to Dismiss is that the Plaintiffs have not alleged and cannot, as a matter of law, show reasonable reliance on LTP's express warranties and representations in the Consignment Agreements.

In preparing the Opposition, Plaintiffs' attorney had focused on the arguments in the Motion to Dismiss – that the claims in the SAC were akin to fraud claims that required a more specific pleading of reliance pursuant to Fed. R. Civ. P. 9 – and thus inadvertently failed to focus on the issue of whether reliance is even required in claims for breach of express representations and warranties.

Thus, the Plaintiffs seek leave to file a supplemental memorandum of points and authorities arguing that under §2313 of the California Commercial Code a purchaser need not show reliance on a seller's representations regarding goods sold, only that the representations were part of the "basis of the bargain." Under this statute and applicable case law, Majestic and Cue would not be required to show reliance to succeed on their indemnity claim based on breach of express representations and warranties in the Consignment Agreements. LTP's representations that it had "good and sufficient legal and marketable title to" the spare aircraft parts and that entering into the Consignment Agreements would not contravene applicable laws or other agreements were an integral part of what LTP agreed to sell in the Consignment

Agreements. Under this legal authority, the burden is on LTP to show "by clear and affirmative proof" that the representations and warranties were removed from the Consignment Agreements.

The June 23 hearing on the Motion to Dismiss is 35 days hence, so LTP will not be prejudiced by this filing and the hearing will not need to be continued. All parties and the Court would benefit from consideration of legal authorities central to the issues in the Motion to Dismiss.

Bankruptcy Rule 9006(b)(1) allows the Court to enlarge the time to file papers after the expiration of a specified time upon a showing of excusable neglect. In keeping with Ninth Circuit precedent, Rule 9006(b)(1) should be liberally construed to effectuate the purpose that cases be tried on the merits. In *Ahanchian v. Xenon Pictures*, 624 F.3d 1253, 1259 (9th Cir. 2010), the Court noted that good cause for an extension is a non-rigorous standard, and then considered counsel's lack of bad faith, potential prejudice to the other party, and whether the requesting counsel had stipulated to the other parties' prior requests for extensions of time. Counsel for the Plaintiffs are acting in good faith and they have previously agreed to LTP's request for a continuance of the Motion to Dismiss.

Furthermore, LTP filed a second opposition to Mr. Cue's motion to substitute – without asking the Court's permission.

Opposition – LTP argues as follows:

Plaintiffs should be judicially estopped from making the arguments in the Supplemental Memorandum. Judicial Estoppel requires: the party's later position is inconsistent with its earlier position, (ii) the party succeeded in achieving judicial acceptance of its earlier position, and (iii) asserting the inconsistent position would be unfair. The argument the Plaintiffs assert in their proposed Supplemental Memorandum – that by virtue of the California UCC reliance is not an element of their claim for contractual indemnification based on LTP's alleged breach of representations and

warranties – is inconsistent with the position pled in the SAC – that LTP is liable on the indemnity because the Plaintiffs relied.  The Court accepted the Plaintiff's original position on reliance in the February 7, 2020 tentative ruling.  Now the Plaintiffs are changing their position due to exigencies of the moment.  Asserting this new contradictory theory months after briefing on the original theory deprives LTP of the reasonable opportunity to evaluate the new theory, which is presented without context as to how if relates to the SAC.  It also puts LTP in the nearly impossible position of proving by "clear affirmative proof" that the representations and warranties were not part of the basis of the bargain in the Consignment Agreements.  Ms. Cue's death deprives LTP of the opportunity to depose and cross-examine Ms. Cue in carrying that burden.

Plaintiffs' fast, loose, and contradictory positions have led them to blame LTP for their own strategic decisions.  Rule 9006(b)(1) cases typically involve late-filed documents due to counsel's inadvertent mistake (mis-calendaring, misinterpretation of rules, etc.), not the "do-over" Plaintiff's counsel is seeking after his original legal arguments failed.

Even if Rule 9006(b) (1) applies, this request fails under the four factors used to evaluate such requests:  danger of prejudice to the other party, length of delay and impact on proceeding, reason for delay, and good faith of applicant.  *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 391 (1993).  The Plaintiffs sole stated reason for failing to present this new legal theory earlier is that they focused on the authorities cited in LTP's moving papers.  Plaintiffs' deliberate selection of legal arguments and authorities lies squarely in their control and cannot constitute excusable neglect.  Plaintiffs' eleventh hour filing of this Application deprives LTP of the opportunity to respond and delays this proceeding.  Plaintiffs acted in bad faith:  they first informed LTP's counsel of their intent to file the Application at a May 19 hearing, even though the brief was already drafted at that point.

Contrary to Plaintiffs' assertions, the proposed Supplemental Memorandum is not analogous to LTP's filing of two oppositions to the motion to substitute Mr. Cue for Ms.

Cue. LTP's two oppositions did not assert new contradictory theories and were substantively identical. The second opposition was filed on cautious and good faith belief that the first opposition/request for hearing might not have been considered an opposition for the actual hearing.

<u>Reply</u> – The Plaintiffs argue as follows:

Judicial estoppel does not apply in this case. LTP's own cases show that the doctrine is applied when a party to litigation has taken an inconsistent position that has been accepted by a court in a prior litigation, not where a party has been alleged to take inconsistent position in the same case.

Even if judicial estoppel were applicable, LTP has not shown that the factors for application of judicial estoppel have been met. One, Majestic and Cue's positions have been consistent throughout the proceedings. Two, acceptance of the Supplemental Memorandum would not create the impression the Court has been misled. The Tentative Ruling was not a final ruling, and the Court addressed LTP's argument on reliance, not Cue and Majestic's. Three, Cue and Majestic will not obtain an unfair advantage if they are given leave to file the Supplemental Memorandum because it was submitted 35 days prior to the hearing on the Motion to Dismiss and well before the trial on this matter. LTP had ample time to seek discovery from Tessie Cue before she died. Judicial estoppel is not needed to protect the integrity of the courts, a requirement for its application.

LTP has not supported its improper accusations – that the Plaintiffs are playing fast and loose and are in bad faith. The Plaintiffs have been straightforward about their inadvertence/neglect in not bringing this central authority to the Court's attention earlier, and are not blaming LTP. They never represented that reliance was an element of their contractual indemnification claim until the Court raised this issue in its ruling on the motion to dismiss the FAC. They have consistently asserted that LTP's breaches of the representations and warranties in the Consignment Agreements triggers its

indemnification obligations.

The Ninth Circuit in *Ahanchian* has stated that Rule 9006(b)(1) should be "liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." 624 F.3d at 1259. The rule covers "neglect" (as the Supreme Court pointed out in *Pioneer)* and thus necessarily includes circumstances within a party's control.

Sur-Reply – LTP argues as follows:

LTP has argued that Plaintiffs' new theory on reliance would put LTP in a nearly impossible position of proving what representations and warranties Tessie Cue did and did not rely on many years ago. The Plaintiffs responded that LTP could have sought Ms. Cue's testimony during the thirteen months this proceeding has been pending or could have sought her testimony on reliance when she was deposed in the underlying state court actions. The argument is wrong on two counts.
One, LTP has repeatedly sought Ms. Cue's testimony while this adversary action has been pending, but her counsel always refused to provide a date for a deposition.
Two, LTP could not depose Ms. Cue in prior state court proceedings on a new theory that Plaintiffs first raised on May 19, 2020 – months after Ms. Cue's death.

Further Reply – The Plaintiffs argue as follows:

Sur-replies are highly disfavored by courts and LTP filed its Sur-reply without leave of the Court in contravention of the Local Bankruptcy Rules.
LTP cannot show prejudice because reliance is not an element of contractual indemnification claims in the statutes and cases cited in the Supplemental Memorandum. Under §2313 of the California Commercial Code, no particular reliance need be shown; the focus is actually on the seller's behavior.

LTP's counsel was at all three sessions of Ms. Cue's deposition in the Ansett and Infinity Cases. It had a year in this case to take her deposition, and, despite its emails demanding Ms. Cue's deposition, LTP has failed to show it took real action – either by

motion or notice of deposition – to seek Ms. Cue's attendance at a deposition.

The Sur-reply fails to address the compelling reasons to grant this Application. One, the Supplemental Memorandum presents legal authority directly pertinent to the Motion to Dismiss. Two, given that pertinence, the lack of prejudice to LTP, the showing of excusable neglect, and the liberal construction courts give to Rule 9006, the Court should exercise its discretion to grant the Application. Three, judicial estoppel is inapplicable here: LTP has not shown that the Plaintiffs would be taking a position inconsistent with a position they took and which a court adopted in a prior proceeding.

Analysis

Judicial estoppel is not relevant to this Application. Judicial estoppel is designed to prevent a party from taking a position that is inconsistent with a position they took, and succeeded in having a court adopt, in a prior litigation. (LTP's own quoted standard refers to "either the first or second court being misled."). It is not designed to prevent a party from asserting a new legal argument within the same proceeding. Furthermore, this Court has not adopted any position yet; the Tentative Ruling is just that, a tentative ruling. As a matter of usual practice, the Court will offer the Plaintiffs (and LTP) the opportunity to argue why the tentative ruling should be changed at the hearing on the Motion to Dismiss.

Contrary to LTP's argument, the Court concludes that LTP will have a reasonable opportunity to evaluate and defend against this new theory. The Application and the Supplemental Memorandum were filed on May 19 - 35 days prior to the June 23 hearing date on the Motion to Dismiss. That hearing date has now been continued to July 7 to provide additional time to resolve this Application. LTP argues that the theory of the Application is presented without context as to how it relates to the SAC, but the relation is quite straightforward: under the legal authorities cited in the Supplemental Memorandum, the Plaintiffs would not need to allege/prove reliance to recover under their contractual indemnification claim based on breach or representations and

warranties. Moreover, the Supplemental Memorandum itself is only seven pages long, with only five of actual argument.

LTP argues that it will be almost impossible to prove that the relevant representations and warranties were not part of the basis of the bargain of the Consignment Agreements, especially given Ms. Cue's death. This argument reads as though the Plaintiffs' proposed supplemental legal authority raises the issue of Ms. Cue's reliance for the first time. As discussed in the Court's ruling on the motion to dismiss the FAC and the Tentative Ruling, Cue and Majestic's reliance on the representations and warranties in the Consignment Agreements has already been at issue in both the motion to dismiss the FAC and this Motion to Dismiss – well before Ms. Cue's death. The statutory and case law the Plaintiffs seek to put before the Court creates a presumption of reliance, and thus shifts the burden of proof from the Plaintiffs to LTP.

> In adopting the Uniform Commercial Code ("UCC"), California has shifted its view of whether a plaintiff must allege reliance on specific promises to sustain express warranty claims. Comment 3 to the analogous UCC provision, UCC § 2–313, provides:
>
>> The present section deals with affirmations of fact by the seller, descriptions of the goods or exhibitions of samples, exactly as any other part of a negotiation which ends in a contract is dealt with. No specific intention to make a warranty is necessary if any of these factors is made part of the basis of the bargain. In actual practice affirmations of fact made by the seller about the goods during a bargain are regarded as part of the description of those goods; hence *no particular reliance on such statements need be shown in order to weave them into the fabric of the agreement.* Rather, any fact which is to take such affirmations, once made, out of the agreement requires clear affirmative proof. The issue normally is one of fact.

> UCC § 2–313, cmt. 3 (emphasis added). While pre-UCC California law required proof of reliance on specific promises, comment 3 to UCC § 2–313 expressly signals a departure from that requirement. *See Keith v. Buchanan*, 173 Cal. App. 3d 13, 220 Cal. Rptr. 392, 397-98 (1985) (explaining that, under the UCC, "the concept of reliance has been purposefully abandoned"). Because California's express warranty statute conforms to the UCC, the California Court of Appeal has held that a buyer need not show reliance because the California statute "creates a presumption that the seller's affirmations go to the basis of the bargain." *Weinstat v. Dentsply Int'l, Inc.*, 180 Cal.App.4th 1213, 103 Cal.Rptr.3d 614, 626 (2010). The court reasoned that the statute focuses not on the buyer's actions, but on "*the seller*'s behavior and obligation—his or her affirmations, promises, and descriptions of the goods—all of which help define what the seller 'in essence' agreed to sell." *Id.* at 627. Therefore, "[a]ny affirmation, once made, is part of the agreement unless there is 'clear affirmative proof' that the affirmation has been taken out of the agreement." *Id.*
>
> *In re Nexus 6P Prod. Liab. Litig.*, 293 F. Supp. 3d 888, 914–15 (N.D. Cal. 2018).

The law requires that the burden on the Plaintiff to show reliance is shifted to the Defendant to show that the representation was taken out of the agreement. The focus moves from the intention of Cue to the words and actions of LTP. While this burden may be difficult for LTP to meet, the fact that relevant legal authority worsens LTP's legal position is not a good reason to ignore it.

Given that the motion to dismiss had not been decided or even argued, the Court has complete flexibility to allow additional briefing. But even if LTP seems to want this treated as if it were a motion to reconsider, because we are dealing with a tentative ruling there was no order and thus there is no statutory time limit. But just to respond to the LTP arguments, the Court notes the following:

Federal Rule of Bankruptcy Procedure 9006(b)(1) provides that this Court may grant additional time in its discretion for cause shown:

> Except as provided in paragraphs (2) and (3) of this subdivision [not applicable], when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Bankr. P. 9006. Under Rule 9006(b)(1), this Court has considerable discretion in managing its calendar. *In re Aroonsakool*, No. ADV 11-90299-LA, 2014 WL 1273696, at *6 (B.A.P. 9th Cir. Mar. 28, 2014).

The Ninth Circuit has emphasized that Rule 9024(b)'s analogue - Fed. R. Civ. P. 6(b) - should be "liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures*, 624 F.3d 1253, 1259 (9th Cir. 2010). Although the language of Rule 6(b) and Rule 9024(b) differ and *Ahanchian* is thus not directly applicable to Rule 9006 (*see, e.g., N. Cal. Small Bus. Fin. Dev. Corp. v. Arnold Bellow (In re Bellow),* 2011 WL 4502916, at *5 (9th Cir. BAP 2011), *aff'd, In re Bellow,* 544 Fed. Appx. 732 (9th Cir.2013)), I remain guided by that general principle of seeing cases are tried on their merits, if necessary, I apply Rule 9006(b)(1) and would grant a motion under Rule 6(b)(6). It would be foolish to try this case under an incorrect legal provision in California law and would certainly lead to a reversal and remand if LTP prevails without consideration of the prevailing law. The issue of exactly what statute is binding will be taken up at a later time through pretrial motions or the trial itself. But it will clearly be on the table and not swept under the rug only to arise for a remanded trial.

If Rule 9006(b)(1) does not apply to the issue of whether the Plaintiffs should be granted leave to file their Supplemental Memorandum, then this Application would fall more generally within this Court's management of litigation, an area where the Court also has considerable discretion.  *See Preminger v. Peake,* 552 F.3d 757, 769 n. 11 (9th Cir.2008) (the abuse of discretion standard applies to a district court's decisions concerning management of litigation).

The Court concludes that the Plaintiffs have shown cause to grant them leave to file the Supplemental Memorandum.  Giving the Plaintiffs leave to file the Supplemental Memorandum will effectuate the objective of seeing that the adversary proceeding is tried on the merits – with little countervailing cost. The Plaintiffs have requested that this new case law be considered at a very early stage of this proceeding – a month before the Motion to Dismiss was to be heard and well before any motions for summary judgment and trial.  As discussed more fully above, LTP has sufficient time and opportunity to prepare a response to the new authority and the delay to the proceeding is no more than the time it has taken for this application to be heard.

The parties have filed five briefs comprised of over 100 pages to resolve the issue of whether LTP should be permitted to file an additional five pages of briefing - at a significant expenditure of time for both parties and the Court. The Court urges the parties to treat each other with the "civility and respect" that the Ninth Circuit urged in *Ahanchian.*  624 F.3d at 1263 (a plea to grant reasonable requests by the other party).

###

Date: June 12, 2020

Geraldine Mund
United States Bankruptcy Judge